IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD DIX | ) | FILED: JULY 28, 2008 |
| | ) | 08CV4269 |
| Plaintiff, | ) | JUDGE NORGLE |
| v. | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| CANADIAN NATIONAL RY, UNION | ) Civil Action No. _____ | |
| PACIFIC RR, METRA RR, | ) Cook County Circuit Court | |
| and the U.S. EQUAL | ) | JFB |
| EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, an agency of the United | ) | |
| States of America, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the Northern District of Illinois:

The United States Equal Employment Opportunity Commission ("EEOC"), a defendant in the above action commenced in the Circuit Court of Cook County, State of Illinois, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1442 and in support thereof respectfully states:

1.      Section 1442 of Title 28, United States Code, authorizes removal of civil actions commenced in a State court against any agency of the United States or any officer of the United States for any act under color of such office. Plaintiff has commenced this civil action in the Circuit Court of Cook County, State of Illinois against the EEOC, an agency of the United States, as well as against other Defendants. The EEOC is removing this case to the United States District Court for the Northern District of Illinois.

2.      Plaintiff's Complaint in this tort action seeks $10,000.00 in damages from defendants for

injuries sustained in a rail accident on March 7, 2007.

3. Removal is proper under 28 U.S.C. § 1442(a)(1) as this action was brought against an agency of the United States.

4. This Notice of Removal is timely. The EEOC received the Summons and Complaint by certified mail on July 8, 2008.

5. Filed with this Notice of Removal are true and correct copies of all process, pleadings, and orders received by the EEOC in the state court action, as required by 28 U.S.C. §1446(a).

6. As required by 28 U.S.C. § 1446(d), the EEOC, on this date, is giving written notice to Plaintiff of the filing of this Notice of Removal and is filing a copy of the Notice with the Clerk of the Circuit Court for Cook County.

DATED: _July 28, 2008_____                Respectfully submitted,

                                            REED L. RUSSEL
                                            Legal Counsel

                                            THOMAS J. SCHLAGETER
                                            Assistant Legal Counsel

                                            *s/ Mona Papillon*
                                            MONA PAPILLON
                                            Senior Attorney
                                            Attorneys for U.S. Equal
                                             Employment Opportunity Commission
                                             1801 L Street, N.W.
                                            Washington, D.C. 20507
                                            (202) 663-4649(Telephone)
                                            (202) 663-4639 (FAX)
                                            Email: mona.papillon@eeoc.gov

CERTIFICATE OF SERVICE

I certify that the foregoing was served on the following parties on July 24, 2008 by United States Mail, proper postage affixed, and addressed as follows:

Gerald Dix
9432 S. Massasoit
Oak Lawn, IL  60453

Canadian National Railway
455 North Cityfront Plaza Drive
Chicago, Illinois
60611-5504

Union Pacific Railroad
1400 Douglas Street
Omaha, NE 68179

Metra Railroad
547 W. Jackson Boulevard
Chicago, IL 60661

                                                              ___*s/ Mona Papillon*_____
                                                                    MONA PAPILLON
                                                    Attorney for Defendant,
                             Equal Employment Opportunity Commission

2120 - Served  2220 - Not Served  2620 - Sec. of State
2121 - Alias Served  2221 - Alias Not Served  2621 - Alias Sec. of State

Small Claims Summons (Claims not to exceed $10,000)   CCM N751 A-150M-9/15/06 ( )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, First DISTRICT**

Name All Parties

Gerald Dix
_____ Plaintiff(s)
v.
Equal Employment Opportunity Commission
_____ Defendant(s)

500 W Madison St STE 2800 Chicago
IL 60661
Address of Defendant(s)

Case No. 20081301898
CALENDAR/ROOM 1501
TIME 09:30
P1 Motor Vehicle

Amount Claimed: $ 10,000

*Return Date: 7-25-08

Trial Date: _____

Time: _____ Room: K

Please serve as follows: ☐ Certified Mail  ☐ Sheriff Service (Plaintiff check one)

CERTIFIED MAIL

FILED: JULY 28, 2008
08CV4269
JUDGE NORGLE
MAGISTRATE JUDGE VALDEZ
JFB

RECEIVED EEOC JUL 02 2008 CHICAGO DISTRICT OFFICE

**SMALL CLAIMS SUMMONS**
(IL Sup. Ct. Rules 281-288)

To each Defendant:

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☒ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077      ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008      ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on* 7-25-08 , _____, (Return Date)

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

WITNESS, DOROTHY BROWN JUN 21 2008

Atty. No.: PRO SE-99500   Pro Se 99500
Name: Gerald Dix
Atty. for: _____
Address: 9432 S Massasoit
City/State/Zip: Oak Lawn IL 60453
Telephone: (708) 423-3946

DOROTHY BROWN, Circuit Court Clerk

☐ Service by Certified Mail: _____ (Date)
☐ Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

SEE REVERSE SIDE

*NOTICE TO PLAINTIFF: Not less than 14 or more than 40 days after issuance of Summons)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COPY 1 - FILE WITH SHERIFF'S OFFICE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| Gerald Dix, Plaintiff | ) | No. |
| | ) | |
| v. | ) | |
| | ) | Amount Claimed: $10,000.00 |
| Canadian National Railway, | ) | |
| Union Pacific Railroad, Metra Railroad, | ) | |
| Equal Employment Opportunity | ) | Return Date: 7-25-08 |
| Commission, Defendants | ) | |

CERTIFIED MAIL
2008M1301898
CALENDAR/ROOM 1501
TIME 09:30
PI Motor Vehicle

## COMPLAINT

Plaintiff, Gerald Dix complaining of Defendants, Canadian National Railway hereinafter referred to as CN, Union Pacific Railroad hereinafter referred to as UP, Metra Railroad hereinafter referred to as Metra and the Equal Employment Opportunity Commission hereinafter referred to as EEOC alleges:

1. On March 7, 2007, Defendant CN was a railroad corporation duly organized and existing and operated trains of cars along rail lines designated as "Hawthorne Yard" in the City of Chicago, Cook County, Illinois.

2. On March 7, 2007, Defendant UP was a railroad corporation duly organized and existing and operated trains of cars along rail lines designated as "Hawthorne Yard" in the City of Chicago, Cook County, Illinois.

3. On March 7, 2007, Defendant Metra Railroad, as common carrier, owned operated, managed, and maintained a commuter rail train and all engines and cars of said train over certain railroad tracks owned, operated, managed, maintained and controlled by said Defendant across "Hawthorne Yard" in the City of Chicago, Cook County, Illinois.

4. On March 7, 2007, EEOC was a federal agency which controls and manages the hiring, promotion and termination of railroad employees.

5. At the time aforesaid, Plaintiff was a fare-paying passenger on Metra train 839 South on the rail line designated as Metra SouthWest Service.

6. At the time and place aforesaid, defendants CN, Metra and UP owed plaintiff the highest duty of care as they are common carriers by rail.

7. At the time and place aforesaid, the defendant EEOC owed plaintiff the highest duty of care to insure his employment opportunities.

8. At the time and place aforesaid, the defendants were negligent and breached its highest duty of care in one or more of the following respects:

a) CN carelessly and negligently operated, managed, maintained and controlled UP's locomotives so that as a direct and proximate result thereof UP's locomotives collided with the Metra locomotive in which Plaintiff was traveling.

b) CN operated and moved UP's locomotives from the Hawthorne Yard to an inclined section of rail near the intersection of Canal Street and Cermak Road in the City of Chicago. All of the relevant crewmembers employed by CN carelessly and negligently did not consider setting the hand brakes on UP's locomotives as required by the rules.

c) CN carelessly and negligently left UP's locomotives unattended with no hand brakes being set which allowed the UP locomotives to move in an uncontrolled manner until it collided with the Metra locomotive in which Plaintiff was traveling.

d) The conductor for CN, Kelvin Stovall (Stovall) who was in charge of the operation and administration of the UP locomotives, carelessly and negligently failed to instruct the other CN crew members to ensure the UP locomotives were secure from movement.

e) CN carelessly and negligently employed Stovall to manage, maintain and control UP locomotives at a time when CN knew or should have known that Stovall consumes cannabis and tested positive for Carboxy – THC (marijuana metabolite) soon after the aforesaid train collision.

f) CN carelessly and negligently permits its Engineers and Conductors to operate and control UP locomotives without adequate instruction and training.

g) UP carelessly and negligently permits untrained, unqualified and drug-addicted CN employees to operate and control its locomotives in the County of Cook and throughout the State of Illinois.

h) UP carelessly and negligently fails to provide important safety warnings within its locomotives pertaining to the operation and control of the locomotives including rules which will prevent the locomotive from moving in an uncontrolled manner.

i) Metra carelessly and negligently failed to notify the Plaintiff that untrained, unqualified and drug-addicted train Engineers and Conductors operate locomotives on the same rail line used by Metra SouthWest Service.

j) Metra carelessly and negligently failed to warn the Plaintiff of the impending collision between the train in which he was traveling and the UP locomotive moving in an uncontrolled manner on the same rail line despite the fact that Metra's Engineer had adequate warning of the collision.

k) Metra with malice intent refused to reimburse the Plaintiff for his medical treatment when one of its female employees who refused to disclose her name informed the Plaintiff that "You white men have enough already" to justify denying the Plaintiff's claim for his injuries.

l) EEOC with malice intent, controls the hiring, promotion and termination of railroad employees without regard to a person's knowledge skills and abilities to operate and control locomotives within the County of Cook and throughout the State of Illinois in violation of 610 ILCS 95/2 and 610 ILCS 95/3.

    m) As a direct or proximate cause of the EEOC control over the hiring, promotion and termination of railroad employees, unqualified, untrained and drug-addicted people operate and control locomotives in the County of Cook including the UP locomotive which collided with the Metra locomotive in which the Plaintiff was traveling.

  9. That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendants CN, UP, Metra and the EEOC, the Plaintiff, Gerald Dix, was then and there injured both internally and externally, and suffered a severe shock to Plaintiff's nervous system and bruises, contusions and lacerations to Plaintiff's body, and he became and was sick and disabled and suffered and will in the future suffer great pain and discomfort and physical impairment, all of which injuries are permanent; and he has lost and will in the future lose other great gains which he would have made and acquired; and he has been and will be kept from attending to ordinary affairs and duties, and has become liable for sums of money for medical and hospital care and attention.

  WHEREFORE, Plaintiff, Gerald Dix, requests judgement against Defendants, CN, UP, Metra and EEOC, a sum of TEN THOUSAND DOLLARS ($10,000.00) plus the costs of this lawsuit

  I, Gerald Dix, certify that I am the plaintiff in the above entitled action. The allegations in this complaint are true.

Gerald Dix, pro se
9432 South Massasoit
Oak Lawn IL 60453
(708) 423-3946

Dated: June 26, 2008

*Gerald Dix* (signature)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C.  20507

Office of
Legal Counsel

**OVERNIGHT MAIL**

Ms. Dorothy Brown
Circuit Court Clerk
Circuit Court of Cook County Illinois
Municipal Department, First District
Richard J. Daley Center
50 West Washington, Room 602
Chicago, Illinois  60602

FILED: JULY 28, 2008
08CV4269
JUDGE NORGLE
MAGISTRATE JUDGE VALDEZ

JFB

    Re: *Gerald Dix v. Equal Employment Opportunity Commission,*
         Case No.2008-1301898

Dear Ms. Brown:

Please take notice that the United States Equal Employment Opportunity Commission, a defendant in the above civil action now pending in Cook County Circuit Court, has filed a Notice of Removal of this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1442.  Accordingly, pursuant to 28 U.S.C. § 1446, no further action should be taken in this matter in the Cook County Circuit Court.

A copy of the Notice of Removal is enclosed herewith for filing in the Cook County Circuit Court, as required by 28 U.S.C. § 1446(d).  I would appreciate it if you would date-stamp the additional copy of the notice and return it to me in the enclosed postage-paid envelope.  Thank you for your assistance.

                    Respectfully submitted,

                    REED L. RUSSELL
                    Legal Counsel

                    THOMAS J. SCHLAGETER
                    Assistant Legal Counsel

                    _____
                    MONA PAPILLON
                    Attorneys for Equal Employment
                            Opportunity Commission
                    1801 L Street, N.W.
                    Washington, D.C. 20507
                    (202) 663-4649Telephone)
                    (202) 663-4639 (FAX)